# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA NGUYEN,<br><br>　　　　Plaintiff,<br>　vs.<br><br>DAVID SKELTON, IRENE JOSE, and UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | CASE NO. 11CV835 JLS (BGS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 7.) |

　　Presently before the Court is Defendants Irene Jose and United States of America's motion to dismiss. (ECF No. 7.) Also before the Court are Plaintiff Victoria Nguyen's opposition, (ECF No. 10), and Defendants' reply, (ECF No. 11). The Court finds the motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1. After consideration, the Court **GRANTS** Defendants' motion to dismiss.

　　Plaintiff brings suit against Irene Jose, an employee of the United States Postal Service, for professional negligence. (ECF No. 1-1 at 8.) The suit is framed by Plaintiff's bankruptcy proceedings. During late 2010 through early 2011, Plaintiff was undergoing the bankruptcy process. And this process required Plaintiff to keep track of her mail.

　　Plaintiff alleges that Defendant Jose had something to do with Plaintiff's mail being lost. To the best of this Court's understanding, the lost mail caused Plaintiff's bankruptcy matter to end without her debts being discharged, requiring Plaintiff to repeat the bankruptcy process. Plaintiff sues to recover "the cost of [her] Chapter 7 attorney, [her] court fee and / or [her] creditor bills." (*Id.* at 5.)

1	Defendant Jose removed the case to this Court on April 20, 2011.  One day later, the
2	Assistant U.S. Attorney filed a certification of scope of employment indicating that Defendant Jose
3	"was acting within the scope of her employment as an employee of the United States Postal
4	Service with regard to the events described in the Plaintiff's Complaint."  (ECF No. 3.)
5	Given the certification, the Court notes that the United States is the proper defendant here.
6	Under 28 U.S.C. § 2679(d)(1), the United States was substituted as the party defendant.  And to
7	the extent that Plaintiff wishes to replace the United States with Irene Jose, Plaintiff fails to make a
8	showing by a preponderance of the evidence.  *Pauly v. U.S. Dept. of Agri.*, 348 F.3d 1143,
9	1150–51 (9th Cir. 2003).  Thus, this action proceeds as one against the United States.
10	"The FTCA [Federal Tort Claims Act] is the exclusive remedy for tortious conduct by the
11	United States."  *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998).  Plaintiff's negligence claim
12	proceeds, therefore, under the watchful eye of the FTCA.
13	The FTCA "provides that an 'action shall not be instituted upon a claim against the United
14	States for money damages' unless the claimant has first exhausted administrative remedies."
15	*Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006).  Plaintiff here has failed to
16	allege any facts indicating that she exhausted her administrative remedies.  And because the FTCA
17	"exhaustion requirement is jurisdictional in nature and must be interpreted strictly," Plaintiff's
18	failure to exhaust means that this Court has no jurisdiction to hear her claim.  *Id.*
19	For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss.  (ECF
20	No. 3.)  Plaintiff may file an amended complaint within 21 days of this Order being electronically
21	docketed.
22	**IT IS SO ORDERED.**

24	DATED:  August 31, 2011

25	Honorable Janis L. Sammartino
26	United States District Judge